UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| AERICK WAYNE SHORTY, CDCR #BC-1060, | Case No.: 3:25-cv-0656-BEN-MSB |
|---|---|
| Plaintiff, vs. J. HILL, Warden; A. RAMIREZ, Correctional Officer; E. ESTRADA, Correctional Officer; JOHN DOE 1–8, Correctional Officers, Defendants. | 1) SCREENING COMPLAINT AND DISMISSING CLAIMS AGAINST DEFENDANTS HILL AND JOHN DOE 1–8 FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1) AND 2) DIRECTING CLERK OF COURT TO ISSUE A SUMMONS UPON DEFENDANTS RAMIREZ AND ESTRADA PURSUANT TO Fed. R. Civ. P. 4(b) |

Plaintiff Aerick Wayne Shorty, a prisoner at R.J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding without counsel with this civil rights suit filed pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff alleges Defendants violated his constitutional rights by conducting sexually intrusive and retaliatory searches of both his body and cell on at least two occasions in 2023 and 2024. *Id.* at 3–6.

///

1

## I. Procedural Background

When Plaintiff filed his complaint on March 19, 2025, he failed to pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, so the Court dismissed the case and gave him 45 days to either pay the $405 filing fee required by 28 U.S.C. § 1914(a), or request leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 3. On April 11, 2025, Plaintiff paid the filing fee and the case was re-opened. *See* ECF No. 4 (Receipt No. 160348).

Because Plaintiff is a prisoner seeking redress from governmental officers, his complaint requires screening pursuant to 28 U.S.C. § 1915A(a) before any of his claims may proceed. The Court now conducts that initial review and, for the reasons explained below, finds that while Plaintiff fails to state any plausible claim for relief against Warden Hill or John Doe 1–8, his allegations against Defendants Ramirez and Estrada are sufficient to proceed.

## II. Screening Standards

Section 1915A(a) "mandates early review— 'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

"The standard for dismissal for prisoner claims at screening is the 'same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.'" *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (quoting *Watison v. Carter*, 668 F.3d 1108,

1112 (9th Cir. 2012) (citation omitted)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. A complaint fails to state a claim if it lacks a "cognizable legal theory" or "sufficient facts … to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### III. Factual Allegations

On January 20, 2023, Plaintiff contends Correctional Officer Ramirez conducted a contraband search of his cell while he was using the toilet and partially naked. Plaintiff contends Ramirez "look[ed] at his private parts," ordered a privacy curtain removed, refused to permit Plaintiff to flush or wash his hands, cuffed, and "wand[ed] [him] with negative results. *See* Compl. at 3. On February 7, 2023, Plaintiff filed an inmate grievance charging Ramirez with "staff sexual misconduct" related to the incident. *Id.* at 4, 14–15.

On June 22, 2023, Plaintiff alleges Ramirez conducted yet another search of his cell and body "intent on revenge" due to Plaintiff's previous sexual misconduct complaint against him. *Id.* at 4. Plaintiff also contends an unidentified "I.S.U." [Investigative Services Unit] Sergeant and Lieutenant (John Doe #2 and #3) "let [Ramirez] retaliate." *Id.*

at 5. On July 3, 2023, Plaintiff filed yet another grievance contending Ramirez's June 22, 2023 search was retaliatory. *Id.* at 5, 18–19. His exhibits suggest the June 22, 2023 search uncovered a cell phone, for which Plaintiff was charged and disciplined. *Id.* at 25–29.

Nearly a year later, on April 12, 2024, Plaintiff contends Correctional Officer Estrada "caressed [his] buttocks and squeezed his penis and testicles" during a pat down body search on his way to the Facility A recreation yard. *Id.* at 5. Plaintiff claims Estrada "aggressively searched" and "fondled" his buttocks, penis, and testicles while grabbing his boxer shorts, and Plaintiff felt "sexually molested." *Id.* He claims an unidentified Sergeant (John Doe #1) was present while Estrada conducted the search, but Doe #1 merely "stepped up and asked Plaintiff for his coffee cup so he wouldn't spill the contents." *Id.* Plaintiff also filed a grievance related to the April 12, 2024 search, and alleged a possible "PREA" [Prison Rape Elimination Act] violation against Office Estrada. *Id.* at 6, 31–35.[1]

Plaintiff now demands a jury trial and seeks $6 million in damages pursuant to 42 U.S.C. § 1983 based on Ramirez's alleged acts of retaliation and Estrada's sexually intrusive pat-down search. *Id.* at 3, 13.

**IV.   Discussion**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."

---

[1]   PREA "was enacted to address the problem of rape in prison by creating and applying national standards to prevent, detect, and respond to prison rape, and by ensuring compliance of state and federal prisons by conditioning eligibility for federal grant money on compliance with the standards." *Barber v. Cox*, 2019 WL 454090, at *1 n.1 (D. Idaho Feb. 5, 2019). The PREA does not, however, "give rise to a private cause of action." *See Porter v. Jennings*, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) (collecting cases). "Because the PREA contains no private right of action, it does not create a right enforceable under § 1983." *Stevens v. Smith*, 2022 WL 4292289, at *3 (E.D. Cal. Sept. 16, 2022), *report and recommendation adopted*, 2022 WL 16850368 (E.D. Cal. Nov. 10, 2022), *aff'd sub nom.*, No. 22-16850, 2023 WL 6140590 (9th Cir. Sept. 20, 2023).

*Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

First, to the extent Plaintiff includes Defendant Hill in the caption of his pleading, identifies him as the Warden of RJD, and notes he was "employed by the CDCR during all relevant times," but includes no further factual allegations explaining the Warden's involvement, he fails to state a claim upon which § 1983 relief can be granted. *See* Comp. at 1, 2. "Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") Plaintiff's complaint contains no factual allegations that Warden Hill participated in or was aware of, directed, or failed to prevent either the June 22, 2023 retaliatory search alleged to have been committed by Officer Ramirez, or the April 12, 2024 sexually intrusive pat-down search conducted by Officer Estrada. *Id.*; *see also Felarca v. Birgeneau*, 891 F.3d 809, 819–20 (9th Cir. 2018) ("An official may be liable as a supervisor only if either (1) he or she was personally involved in the constitutional deprivation, or (2) a sufficient causal connection exists between the supervisor's wrongful conduct and the constitutional violation.").

Second, Plaintiff includes "John Doe #1–8" as Defendants, but sues them as a group as correctional officers, and contends only that three of them (John Doe #1, 2, and 3) were present while Officers Ramirez and Estrada either searched or retaliated against him. *See, e.g.* Compl. at 5. Therefore, as pleaded, his complaint fails to state a claim upon which § 1983 relief can be granted which respect to any of the unidentified Does.[2] "A plaintiff

---

[2] While Doe pleading is disfavored, it is not always prohibited. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Nevertheless, while "[a] plaintiff may refer to unknown defendants as Defendant

must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). "Liability under § 1983 must be based on a defendant's personal participation in the alleged deprivation of the plaintiff's constitutional rights." *Barren*, 152 F.3d at 1194. "[M]erely being present at the scene" where an allegedly unconstitutional act occurs is insufficient to warrant an inference of individual liability. *Jones v. Williams*, 297 F.3d 930, 936 (9th Cir. 2002) (citation omitted).

Finally, to the extent Plaintiff alleges Officer Ramirez searched his cell "intent on revenge" for Plaintiff having filed a staff complaint against him, and to the extent Plaintiff alleges Officer Estrada sexually "fondl[ed]" him during a pat-down body search, *see* Compl. at 3–5, the Court finds his allegations sufficient to survive the "low threshold" for proceeding past the *sua sponte* screening required by 28 U.S.C. § 1915A(b). *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005) ("Within the prison context, a viable claim for First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."). "[A] cell search may … constitute an adverse action, [and] need not be an independent constitutional violation," if it is alleged to have been "performed with a retaliatory motive and lacking a legitimate correctional goal." *Cejas v. Paramo*, No. 14-CV-1923-WQH (WVG), 2017 WL 1166288, at *6 (S.D. Cal. Mar. 28, 2017) (citing *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995)), *report and recommendation adopted*, 2017

---

John Doe 1, John Doe 2, John Doe 3, and so on, [] he [must] also allege specific facts showing how each particular doe defendant violated his rights." *Cuda v. Emps./Contractors/Agents at or OCCC*, 2019 WL 2062945, at *4 (D. Haw. May 9, 2019).

WL 3822013 (S.D. Cal. Sept. 1, 2017); *see also Wood v. Beauclair*, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012) (sexual harassment or abuse of an inmate by a prison official may violate the Eighth Amendment's proscription against cruel and unusual punishment) (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000)); *Austin v. Terhune*, 367 F.3d 1167, 1171–72 (9th Cir. 2004) ("[P]risoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards[.]" (quoting *Schwenk* 204 F.3d at 1197).

However, it does not appear Plaintiff requested the Clerk to issue a summons, "present[ed] a summons to the clerk for signature and seal" pursuant to Fed. R. Civ. P. 4(b), or has yet to execute service of his complaint upon Defendants Ramirez or Estrada. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (absent a specific request and court order that the U.S. Marshal effect service on their behalf pursuant to Fed. R. Civ. P. 4(c)(3), persons who prepay civil filing fees "remain[] responsible for timely service."). "Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007) ("[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process.").

## V. Conclusion

Accordingly, for the reasons explained, the Court:

1) **SCREENS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a) and **DISMISSES** Plaintiff's claims against Defendants Hill and John Doe 1–8 for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1);

2) **DIRECTS** the Clerk of Court to terminate Defendants Hill and John Doe 1–8 as parties in this matter; and

3) **DIRECTS** the Clerk of the Court to issue a summons upon Defendants A. Ramirez and E. Estrada pursuant to Fed. R. Civ. P. 4(b) and deliver it to Plaintiff, together

with two certified copies of his Complaint (ECF No. 1), so that he may serve Ramirez and Estrada as required by Fed. R. Civ. P. 4(c). Plaintiff must personally serve Ramirez and Estrada within 30 days of this Order, file proof of that service pursuant to Fed. R. Civ. P. 4(l), *or* procure and file waivers of personal service as to both these parties pursuant to Fed. R. Civ. P. 4(d) within that time. If Plaintiff fails to file proof of service upon either Defendant Ramirez or Estrada within 30 days, his remaining claims will be dismissed without prejudice based on his failure to timely prosecute pursuant to Fed. R. Civ. P. 4(m).[3]

**IT IS SO ORDERED.**

Dated: July 1, 2025

Hon. Roger T. Benitez
United States District Judge

---

[3] Because Plaintiff is not proceeding IFP, he is "responsible for having the summons and complaint served" now that some of his claims have survived the *sua sponte* screening required by 28 U.S.C. § 1915A(a). *See* Fed. R. Civ. P. 4(c)(1). The Court has tolled Rule 4(m)'s service clock while it conducted that screening. *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996)).

8

3:25-cv-0656-BEN-MSB