UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| AERICK WAYNE SHORTY, | Case No.: 25cv656-RBM (MSB) |
|---|---|
| Plaintiff, | **ORDER DENYING REQUEST FOR SERVICE BY A U.S. MARSHAL [ECF NO. 8]** |
| v. | |
| J. HILL, et al., | |
| Defendants. | |

### I.  BACKGROUND

Plaintiff AERICK WAYNE SHORTY is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  (See ECF No. 1.)  Plaintiff is not proceeding *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)—he has instead paid the $405 civil and administrative filing fee required by 28 U.S.C. § 1914(a).  (See ECF No. 4, Receipt No. 160348.)  On July 2, 2025, the Court screened Plaintiff's Complaint as required by 28 U.S.C. § 1915A and found that Plaintiff alleged plausible First and Eighth Amendment claims.  (See ECF No. 5 at 6–7 (hereinafter, "Screening Order").)  After dismissing certain claims and defendants, the Court directed the Clerk to issue a summons upon Defendants A. Ramirez and E. Estrada (collectively, "Defendants") under Fed. R. Civ. P. 4(b).  (Id. at 7–8.)  The Court also ordered Plaintiff to file proof of service of the summons and Complaint upon Defendants or procure a waiver of personal

service as to each Defendant within thirty days.  (Id. at 8.)  Plaintiff was warned that failure to do so would result in his case being dismissed without prejudice for failing to timely prosecute pursuant to Fed. R. Civ. P. 4(m).  (Id.)

Presently before the Court is Plaintiff's request for service by a U.S. Marshal.  (ECF No. 8.)  In it, Plaintiff explains that he is "willing and able to pay the process server" but is "confined at R.J. Donovan, where the events giving rise to the action occurred and the Defendants are employed, making it difficult to serve the litigation coordinator on their behalf."  (Id. at 1.)

## II.    REQUEST FOR U.S. MARSHAL SERVICE

Generally, a plaintiff who files a civil action and pays the filing fee is responsible for effectuating service of process.  See Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir. 1991).  Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."  Fed. R. Civ. P. 4(c)(3).  "In exercising this discretion, courts have been mindful that Congress amended Rule 4 'primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions.'"  Bax v. Executive Office for U.S. Attorneys, 216 F.R.D. 4, 4 (D.D.C. 2003) (quoting Lovelace v. Acme Mkts., Inc., 820 F.2d 81, 83 (3d Cir. 1987)).

According to the Congressional record, "the plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service;" thus, court orders directing U.S. Marshal service "should not be issued unless they really are necessary."  96 F.R.D. 81, 127 (1983).  Courts in this district have held that a plaintiff requesting service by the U.S. Marshal must first attempt service by other means authorized by Rule 4.  See, e.g., Raiser v. United States Dist. Ct. for S. Dist. of California, No. 20-CV-1490 TWR (AGS), 2021 WL 4895217, at *2 (S.D. Cal. Feb. 26, 2021) (denying motion for U.S. Marshal service where plaintiff was not proceeding IFP and had not "met his burden of demonstrating that such an order was

'really necessary' because he had not first "attempted to serve Defendants through . . . other means").

Plaintiff has not articulated any attempt at service. Instead, he states that he is willing and able to pay for service, but his confinement at R.J. Donovan is an obstacle. (ECF No. 8 at 1.) Although the Court recognizes that Plaintiff's incarceration poses some barriers to properly serving his complaint, his status is not an absolute bar to properly serving the Defendants. See, e.g., Cathy v. Palma, No. 322CV01565GPCJLB, 2023 WL 322495, at *3 (S.D. Cal. Jan. 19, 2023) (denying motion for U.S. Marshal service where plaintiff was not proceeding IFP and did not articulate what attempts he had taken to serve defendants by alternate means before seeking assistance from the Marshal). For example, Plaintiff can certainly attempt to have a qualified non-party serve Defendants without the Court's intervention (see Fed. R. Civ. P. 4(c)(2)), and he must explain any such attempt before renewing his request.

Because Plaintiff is not proceeding IFP and has not discussed any steps he has taken to effectuate service, the Court **DENIES** Plaintiff's Request for Service by a U.S. Marshal **without prejudice** to any future requests.[1]

### III.   TIME TO EFFECTUATE SERVICE

The Court originally ordered Plaintiff to personally serve Defendants within thirty days of the Screening Order, which means Plaintiff would have to effectuate service by July 31, 2025. Plaintiff made this motion for service by a U.S. Marshal within eighteen days of the Order, but the Court had not entered it on the CM/ECF system until July 22, 2025. (See ECF No. 8.) Because the Court is denying Plaintiff's request for U.S. Marshal service, it seems unlikely that Plaintiff will have served Defendants by the current deadline. The Court recognizes that Fed. R. Civ. P. 4(m) allows Plaintiff ninety days to effectuate service, and case law generally tolls that deadline until after screening,

---

[1] The Court further notes that motions ordinarily need to be in pleading format. See CivLR 5.1. Moving forward, Plaintiff should endeavor to format his motions properly, as he did in his Complaint.

pursuant to 28 U.S.C. § 1915A, is complete. (See Screening Order at 3 n. 3 (citing <u>Butler v. Nat'l Cmty. Renaissance of California</u>, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014).) Accordingly, Plaintiff shall have ninety days from the Screening Order to effectuate service, which shall be by October 1, 2025.

Because Plaintiff still has about two months to either serve Defendants on his own or renew his Request after he has made a sufficient attempt at service, the Court will not provide any further extensions at this time. However, should Plaintiff eventually need an extension, Plaintiff must timely request it, or his claims may be dismissed without prejudice, as provided by Fed. R. Civ. P. 4(m).

## IV.    CONCLUSION

1. Plaintiff's Request for Service by a U.S. Marshal is **DENIED without prejudice**. To assist Plaintiff in service of process in this case, the Court **DIRECTS** the Clerk of the Court to re-issue a summons upon Defendants A. Ramirez and E. Estrada under Fed. R. Civ. P. 4(b), and forward them to Plaintiff together with three copies of his Complaint [ECF No. 1] and three blank AO 399 Waiver of Service of Summons Forms so that Plaintiff may notify Defendants that an action has been commenced against them and request each Defendant waive personal service pursuant to Fed. R. Civ. P. 4(d).

2. The Court notes that if a Defendant located within the United States fails, without good cause, to sign and return a waiver that Plaintiff properly requests, the Court may impose upon that Defendant the expenses later incurred in making personal service. <u>See</u> 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), (d)(2).

**IT IS SO ORDERED.**

Dated: July 29, 2025

_____
Honorable Michael S. Berg
United States Magistrate Judge