UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AERICK WAYNE SHORTY,

Plaintiff,

vs.

A. RAMIREZ, Correctional Officer; E. ESTRADA, Correctional Officer,

Defendants.

Case No.: 3:25-cv-00656-RBM-BJW

**ORDER:**

**(1) GRANTING IN PART DEFENDANT RAMIREZ'S MOTION TO SET ASIDE ENTRY OF DEFAULT;**

**(2) SUA SPONTE SETTING ASIDE ENTRY OF DEFAULT AGAINST DEFENDANT ESTRADA AND QUASHING PURPORTED SERVICE ON ESTRADA; AND**

**(3) REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED AS MOOT**

[ECF No. 20]

Presently before the Court are Defendant A. Ramirez's ("Ramirez") Motion to Set Aside Entry of Default (ECF No. 20) and Plaintiff Aerick Wayne Shorty's ("Plaintiff") Motion for Default Judgment against Ramirez and Defendant E. Estrada ("Estrada") (ECF No. 19). For the reasons set forth below, the Court **GRANTS IN PART** the Motion to Set Aside as to Ramirez, **SUA SPONTE SETS ASIDE** the entry of default against Estrada, and **QUASHES** the purported service on Estrada. The Court further **RECOMMENDS** that the Motion for Default Judgment be **DENIED AS MOOT**.

**BACKGROUND**

Plaintiff, a prisoner at Richard J. Donovan Correctional Facility ("RJD") proceeding pro se, filed a civil-rights action under 42 U.S.C. § 1983 on March 19, 2025. (ECF No. 1.) He alleged Warden J. Hill, Correctional Officers Ramirez and Estrada, and John Does 1–8 violated his constitutional rights through sexually intrusive and retaliatory searches of his body and cell. (*Id.* at 1, 3-6.)

After screening the original complaint, the Court dismissed Plaintiff's claims against Warden Hill and John Does 1-8 for failure to state a claim. (ECF No. 5 at 5-7.) Plaintiff's First Amendment retaliation claims against Ramirez and Eighth Amendment sexual-abuse claim against Estrada were found to be properly alleged by the court and remained at issue. (*Id.* at 6-7.) The Court directed the Clerk to issue summonses for Ramirez and Estrada and directed Plaintiff to have each Defendant served, file proof of service, or obtain a waiver of service. (*Id.* at 7-8.)

On July 18, 2025, Plaintiff moved for service by the United States Marshals Service. (ECF No. 8.) On July 29, 2025, the Court denied that request without prejudice and extended the deadline to serve Defendants to October 1, 2025. (ECF No. 9 at 3–4.)

On September 5, 2025, Plaintiff filed proofs of service, which stated that he delivered the service documents to "the litigation coordinator, who is designated by law to accept service of process on behalf of Richard J. Donovan State Prison." (ECF Nos. 11 at 1, 12 at 1.)

On February 2, 2026, Plaintiff filed a Notice of Intent to Seek Entry of Default. (ECF No. 14.) On June 15, 2026, Plaintiff requested entry of default against both Defendants. (ECF No. 17.) The Clerk entered default against Ramirez and Estrada on June 16, 2026. (ECF No. 18.) Plaintiff filed his Motion for Default Judgment on June 29, 2026. (ECF No. 19.)

On July 1, 2026, Defendant Ramirez[1] moved to set aside the entries of default. (ECF No. 20.) Ramirez claims he was not personally served, was not delivered a summons or a complaint his residence, that RJD's litigation coordinator received no authorization to accept service in place of him, and that he only learned of this action in late June 2026 when RDJ received documents relating to a default judgment. (ECF No. 20-3 ¶¶ 2–4.)

Ramirez's counsel states that CDCR does not know of an "E. Estrada" on their staff working on Plaintiff's prison yard during the time of the complaint. (ECF No. 20-2 ¶ 3.) Ramirez asks the Court to set aside the entries of default, quash the purported service on Estrada, require Plaintiff to properly identify and serve Estrada, and permit Ramirez to respond to the complaint. (ECF No. 20.)

On July 27, 2026, Plaintiff filed an Opposition to Ramirez's motion. (ECF No. 22.) Plaintiff argues that he diligently attempted to comply with the Court's service instructions, relied on the filed proofs of service, and sought default only after Defendants failed to appear. Plaintiff further contends that Ramirez has not established the Rule 55(c) factors, that setting aside the default would prejudice him, and that administrative records consistently identified an officer named E. Estrada as involved in the underlying events. (*Id.* at 2–7.)

On August 3, 2026, Ramirez filed a reply arguing that insufficient service independently establishes good cause to set aside the defaults against both Defendants.

---

[1] Defendant Ramirez states that his correct name is E. Ramirez rather than A. Ramirez as listed on the summons.

He alternatively contends that the Rule 55(c) factors favor relief because he lacked notice of the action before default, intends to defend on the merits, and Plaintiff has not shown prejudice attributable to the delay. (ECF No. 23 at 2–5.)

## LEGAL STANDARDS

### A. Service of Process and Personal Jurisdiction

Pursuant to Federal Rule of Civil Procedure 4(e), an individual within a judicial district of the United States may be served by: (1) following the law governing service in the state where the district court is located or where service is made; (2) personally delivering the summons and complaint to the individual; (3) leaving the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering the summons and complaint to an agent authorized by appointment or law to receive service for the individual. Fed. R. Civ. P. 4(e).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Thus, "[a] federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Rule 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), amended, 807 F.2d 1514 (9th Cir. 1987). Although Rule 4 is liberally construed, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" without substantial compliance with the Rule. *Id.*; see also *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

Once the sufficiency of service is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Although a failure to prove service does not affect the validity of otherwise proper service, see Fed. R. Civ. P. 4(l)(3), the plaintiff must still show that service was accomplished through a method authorized by Rule 4.

Under Rule 4(e)(1), an individual may also be served in accordance with California law. California Code of Civil Procedure § 415.20(b) permits substituted service at an individual's usual place of business only after the summons and complaint cannot with reasonable diligence be personally delivered. The documents must be left with a person apparently in charge, the recipient must be informed of their contents, and copies must thereafter be mailed to the defendant at the location where they were left. Cal. Civ. Proc. Code § 415.20(b).

Before entering default judgment, a district court has an affirmative duty to determine whether it has personal jurisdiction over the defaulting defendant. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A judgment entered against a defendant over whom the court lacks personal jurisdiction is void. *Mason v. Genisco Technology Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).

**B. Setting Aside an Entry of Default**

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). A district court's discretion is "especially broad" when it is considering whether to set aside an entry of default rather than a final default judgment. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). Where timely relief is sought and the defendant presents a potentially meritorious defense, doubts should be resolved in favor of setting aside the default so the case may be decided on its merits. *Id.*

To determine whether good cause exists, courts consider: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant lacks a potentially meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The factors are disjunctive, but they are applied more liberally when the Court is considering an entry of default under Rule 55(c), rather than relief from a final default judgment under Rule 60(b). *Id.* at 1091 & n.1; see also *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Default is a "drastic step appropriate only in extreme circumstances," and cases should, whenever

possible, be decided on their merits. *Mesle*, 615 F.3d at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

Because a defendant's obligation to respond generally does not arise until the summons and complaint have been properly served or service has been waived, an entry of default cannot properly rest on invalid service. See Fed. R. Civ. P. 12(a)(1)(A)(i); *Direct Mail Specialists*, 840 F.2d at 688–89; *Benny*, 799 F.2d at 492.

## DISCUSSION

### A. Plaintiff Did Not Properly Serve Ramirez

The signed proof of service identifies RJD's litigation coordinator as the recipient and asserts that the coordinator was authorized by law to accept service for RJD, not for Ramirez individually. (ECF No. 11 at 1.) Ramirez declares that he never authorized the coordinator to accept service on his behalf. (ECF No. 20-3 ¶ 4.) Even accepting the server's account of delivery, authority to receive service for an institution does not, without more, establish authority to receive service for an individual employee. *See Taylor v. San Bernardino Cnty. Sheriffs*, 2009 U.S. Dist. LEXIS 96669, at *8–9 (C.D. Cal. Oct. 19, 2009) (citing *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988)). Nor does the return establish personal delivery to Ramirez or delivery at his dwelling or usual place of abode to a resident of suitable age and discretion. Accordingly, the reported delivery does not establish service under Rule 4(e)(2).

In *Hupp v. San Diego County District Attorney*, a similar effort to serve an individual officer was held invalid. 12-CV-0492-GPC-JLB, ECF No. 51 at 8 (S.D. Cal. July 12, 2012). There, service was delivered to a front-desk officer who was also identified as authorized to accept service for the police department. *Id.* Regardless of their authority to accept on the department's behalf, "service on the police department does not constitute valid service on its individual officers." *Id.* Here, the litigation coordinator's authority to accept service for RJD is irrelevant to their ability to accept service for Ramirez.

This is also not valid substituted service under California Code of Civil Procedure § 415.20(b). There is no evidence that:

1. Plaintiff or his process server first made reasonably diligent attempts to personally serve Ramirez;
2. RJD was Ramirez's usual place of business when the documents were delivered;
3. the litigation coordinator was a person apparently in charge of Ramirez's place of business;
4. the coordinator was informed of the contents of the documents; or
5. copies of the summons and complaint were thereafter mailed to Ramirez at the location where the documents were left.

(See ECF Nos. 11 at 1, 22 at 2–5).

Ramirez states he longer works at RDJ, and Plaintiff has not sufficiently established RJD was Ramirez's usual place of business when he attempted service on September 5, 2025. (ECF No. 20-3 ¶ 1). The attached materials reflect a July 2026 mailing addressed to the Clerk of Court rather than Ramirez. (ECF No. 22 at 8–10). Thus they also do not satisfy the follow-up mailing requirement of § 415.20(b).

Plaintiff emphasizes that he attempted to comply with the Court's instructions, filed proofs of service, and relied on those filings in pursuing default. (ECF No. 22 at 2–5.) A diligent attempt to accomplish service does not establish that service was legally effective and Plaintiff did not establish that service was delivered in compliance with Rule 4 after it was challenged. *See Brockmeyer*, 383 F.3d at 801.

Because Plaintiff has not established that Ramirez was properly served, Ramirez's deadline to answer or otherwise respond to the complaint did not begin to run. *See* Fed. R. Civ. P. 12(a)(1)(A)(i); *Direct Mail Specialists,* 840 F.2d at 688–89. The Clerk's entry of default against him therefore cannot stand.

Plaintiff argues that Ramirez's service challenge does not, by itself, establish good cause under Rule 55(c) and must instead be considered alongside the remaining equitable factors. (ECF No. 22 at 5–6.) The issue here, however, is whether Ramirez's obligation to

respond arose before the Clerk entered default. Because the record does not establish valid service triggering that obligation, the entry of default cannot properly rest on his failure to respond. See Fed. R. Civ. P. 12(a)(1)(A)(i); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), amended, 807 F.2d 1514 (9th Cir. 1987). Plaintiff's diligence and reliance on the filed proofs of service support providing an opportunity to correct service, but do not establish that service was legally effective. The Court therefore sets aside the entry of default without deciding whether Ramirez's submissions independently satisfy the equitable factors applicable to relief from an otherwise properly entered default.

Accordingly, the Court GRANTS Ramirez's request to set aside the entry of default against him.

**B. Plaintiff Did Not Properly Serve Estrada**

Ramirez has appeared only on his own behalf. Nevertheless, because Plaintiff seeks default judgment against Estrada, the Court has an independent duty to determine whether it has personal jurisdiction over Estrada. See *In re Tuli*, 172 F.3d at 712. A court may set aside an entry of default sua sponte upon finding good cause. *Lemieux v. Lender Processing Ctr.*, 16-cv-1850-BAS-DHB, ECF No. 67 at 8–9 (S.D. Cal. Jan. 31, 2018). Plaintiff received notice and an opportunity to address the service issue because Ramirez's motion expressly challenges service on Estrada and requests that the Court set aside Estrada's default and quash the purported service. (ECF No. 20.) Plaintiff addressed his service efforts and Estrada's identity in his Opposition. (ECF No. 22 at 3–6.)

The signed proof of service concerning Estrada identifies RJD's litigation coordinator as the recipient and asserts authority to accept service for RJD, not for Estrada individually. (ECF No. 12 at 1.) Even accepting the server's account of delivery, the return does not establish that the coordinator was authorized by appointment or law to receive service on Estrada's behalf. Nor does it establish personal delivery to Estrada or delivery at his dwelling or usual place of abode to a resident of suitable age and discretion. For the same reasons discussed above concerning Ramirez, the reported delivery does not establish service under Rule 4(e)(2).

The record also does not establish valid substituted service under California Code of Civil Procedure § 415.20(b). Plaintiff has not shown that reasonably diligent efforts to personally serve Estrada preceded delivery to the litigation coordinator, that the delivery otherwise satisfied the statutory requirements for substituted service at Estrada's usual place of business, or that copies of the summons and complaint were thereafter mailed to Estrada at the location where the documents were left. (See ECF Nos. 12 at 1–3, 22 at 3–6.) The postal materials accompanying the return include an envelope addressed to the Clerk's Office and do not establish the required follow-up mailing to Estrada. (ECF No. 12 at 2–3.)

Defense counsel states that CDCR has been unable to identify an officer named E. Estrada who worked on Plaintiff's prison yard during the relevant period, while Plaintiff states that he consistently identified Estrada during the administrative grievance process. (ECF Nos. 20-2 ¶ 3, 22 at 3.) The Court need not resolve Estrada's identity to decide the service issue. Even assuming Plaintiff correctly identified the officer involved, the record does not establish valid service on that individual.

Because the record does not establish valid service triggering Estrada's obligation to respond before default was entered, the entry of default cannot properly rest on his failure to appear. The absence of valid service constitutes good cause to set aside the entry of default under Rule 55(c). Accordingly, the Court sua sponte sets aside the entry of default against Estrada and quashes the purported service reflected in ECF No. 12.

**C. Plaintiff Will Receive Additional Time to Identify and Serve Estrada**

Plaintiff has not established valid service on Estrada. Nevertheless, Plaintiff is proceeding without counsel, attempted service within the previously extended service period, filed a signed return, and thereafter obtained an entry of default from the Clerk. (ECF Nos. 9 at 4, 12, 18.) These circumstances favor providing an additional opportunity to correct service rather than dismissing the claim at this stage. Plaintiff also states that he consistently identified an officer named E. Estrada during the administrative grievance process and that institutional personnel reviewed allegations concerning that officer. (ECF

No. 22 at 3.) Without resolving Estrada's identity or the contents of the administrative records, the Court finds that additional time to identify and serve Estrada is appropriate.

The Court exercises its discretion under Rule 4(m) to extend the time for service by sixty days. See *Efaw v. Williams*, 473 F.3d 1038, 1040–41 (9th Cir. 2007). Within sixty days after this Order is filed, Plaintiff must do one of the following:

1. Identify Estrada sufficiently to complete service, serve him in accordance with Rule 4, and file proof of service;
2. Obtain and file a waiver of service from Estrada in accordance with Rule 4(d); or
3. File a supported motion describing his specific efforts to identify and serve Estrada, explaining any obstacles encountered, and identifying the particular assistance he seeks from the Court, such as limited identification discovery, correction of Defendant's name, or service by the United States Marshals Service.

The Court's earlier denial of Marshal service was without prejudice and permitted Plaintiff to renew his request after describing his efforts to effect service by other means. (ECF No. 9 at 3–4.) If Plaintiff seeks Marshal assistance, his motion should explain why that assistance is now necessary. A timely motion under the third option will satisfy this Order's sixty-day requirement, and the Court will determine whether assistance or additional time is warranted.

Any person who serves the summons and complaint must be at least eighteen years old and cannot be a party to this action. Fed. R. Civ. P. 4(c)(2). Delivery to RJD, CDCR, or a prison litigation coordinator does not, by itself, constitute service on Estrada individually. Plaintiff must establish compliance with an authorized method of service under Rule 4, including, if applicable, service on an authorized agent or substituted service under California law. Failure to complete one of the three alternatives within sixty days may result in dismissal of the claim against Estrada without prejudice under Rule 4(m).

**D. Plaintiff's Motion for Default Judgment**

An entry of default is a prerequisite to default judgment. See Fed. R. Civ. P. 55(a)-(b). Because the Court sets aside the entries of default against Ramirez and Estrada,

neither Defendant remains in default. Moreover, as explained above, the record does not establish valid service on either Defendant sufficient to support the requested default judgment.

Accordingly, the Court recommends that Plaintiff's Motion for Default Judgment (ECF No. 19) be **DENIED AS MOOT**, without prejudice to a future properly supported motion following valid service and a subsequent entry of default.

**ORDER**

For the foregoing reasons, the Court orders as follows:

1. Defendant Ramirez's Motion to Set Aside Entry of Default (ECF No. 20) is granted as to the entry of default against him. The Clerk is directed to set aside the June 16, 2026 entry of default against Defendant Ramirez, sued as A. Ramirez, reflected in ECF No. 18.
2. The Court sua sponte sets aside the June 16, 2026 entry of default against Defendant E. Estrada reflected in ECF No. 18. The Clerk is directed to update the docket accordingly.
3. The purported service on Defendant Estrada reflected in ECF No. 12 is quashed.
4. Consistent with his request and confirmed acceptance or waiver of further service, Defendant Ramirez must file and serve a response to the complaint within twenty-one days after this Order is filed.
5. Within sixty days after this Order is filed, Plaintiff must: (a) identify Estrada sufficiently to complete service, serve him in accordance with Rule 4, and file proof of service; (b) obtain and file a waiver of service in accordance with Rule 4(d); or (c) file a supported motion describing his efforts to identify and serve Estrada, explaining the obstacles encountered, and identifying the assistance he seeks from the Court. A timely motion under option (c) satisfies this Order's sixty-day requirement pending the Court's determination of that motion.
6. Failure to comply with paragraph 5 may result in dismissal of the claim against Estrada without prejudice under Rule 4(m).

## REPORT AND RECOMMENDATION

The Court RECOMMENDS that Plaintiff's Motion for Default Judgment (ECF No. 19) be denied as moot, without prejudice to a future properly supported motion following valid service and a subsequent entry of default.

Any party may file and serve specific written objections to the foregoing Report and Recommendation within fourteen days after being served with a copy. See Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). The document should be captioned "Objections to Report and Recommendation." Any response to objections must be filed and served within fourteen days after service of the objections. The parties are advised that failure to file timely, specific objections may waive appellate review of the District Court's order adopting the Report and Recommendation

**IT IS SO ORDERED.**

Dated: October 19, 2026.

Hon. Brian J. White
United States Magistrate Judge